IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                               Case No. 2:18-cr-186

Christian A. Jurado

OPINION AND ORDER

     Defendant was convicted on one count of conspiracy to possess with the intent to distribute over 500 grams of methamphetamine. Judgment was entered on May 31, 2019, imposing a term of incarceration of 46 months, to be followed by a 5-year term of supervised release. According to the Bureau of Prisons ("BOP"), defendant's release date is January 15, 2022. See www.bop.gov/inmateloc/ (last visited March 16, 2021).

     On December 21, 2020, defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act of 2018. Doc. 43. Defendant claimed that he requested compassionate release from the warden via e-mail on May 27, 2020, but has received no response to this request. Defendant, who is incarcerated at FCI Elkton, seeks a reduction in sentence due to the risk of serious illness presented by COVID-19, noting that FCI Elkton was previously a COVID-19 "hot spot." He further contends that if there is a resurgence of infection at the institution, his completion of the RDAP drug program will be delayed. Counsel was appointed to represent the defendant. On February 22, 2021, counsel filed a notice that a supplemental motion would not be filed. Doc. 49. On March 15, 2021, the government filed a response in opposition to the motion. Doc. 51. The government does not dispute that defendant has exhausted his administrative remedies, but argues that presence of COVID-19 at

FCI Elkton does not warrant defendant's release. Doc. 51.

I. Standards for Compassionate Release

Under 18 U.S.C. §3582(c)(1)(A)(i), the court can reduce a sentence under §3582(c)(1)(A) if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). District courts have full discretion to define what constitutes an "extraordinary and compelling" reason. See United States v. Jones, 980 F.3d 1109, 1111 (6th Cir. Nov. 20, 2020). The court must also consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If, after weighing the §3553(a) factors, the court decides that the motion is well taken, the court "may reduce the term of imprisonment[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

II. Defendant's Reason for Release

Defendant, who is 27 years old, relies solely on the risk from COVID-19 at FCI Elkton where he is confined. Section 3582(c)(1)(A) "does not constitute a get-out-of-jail card." United States v. Brady, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020). Rather, "compassionate release motions amid the COVID-19 pandemic have required a 'fact-intensive' inquiry ... made in the 'unique circumstances' and 'context' of each individual defendant." Id., citing United States v. Shakur, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020) and United States v. Hart, 17 Cr. 248 (VSB), 2020 WL 1989299, at *6 (S.D.N.Y. Apr. 27, 2020)).

Defendant has presented no evidence that he has any medical

2

conditions which would render him particularly susceptible to a risk of serious illness due to COVID-19. According to the presentence investigation report ("PSR"), defendant reported that he had knee surgery in 2012, but he described his health as good and denied any serious or chronic illnesses.

Although FCI Elkton had a significant outbreak of COVID-19 at the inception of the pandemic, the institution recently reported that 3 inmates and 30 staff members currently have COVID-19, and that, since the beginning of the COVID-19 pandemic, 856 inmates and 56 staff have recovered. See https://www.bop.gov/coronavirus (last checked March 16, 2020). This indicates that the facility has taken steps to address the COVID-19 problem. The Sixth Circuit has observed that the BOP "has 'responded reasonably to the risk'" of COVID-19 at FCI Elkton by taking preventative measures, including screening for symptoms, educating staff and inmates about COVID-19, cancelling visitation, quarantining new inmates, implementing regular cleaning, and providing disinfectant supplies and masks. Wilson v. Williams, 961 F.3d 829, 841 (6th Cir. 2020)(citation omitted). The BOP is also working with the Centers for Disease Control and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure that COVID-19 vaccines are administered to full time staff and inmates. To date, the BOP has administered the vaccine to 175 staff and 21 inmates at FCI Elkton. See https://www.bop.gov/coronavirus (last visited March 16 23, 2021). At this point, whether defendant will be able to complete the RDAP program due to a resurgence of COVID-19 is speculative. In any event, his inability to complete the program would weigh against, not in favor of his early release.

3

The court concludes that defendant has not shown that an extraordinary and compelling reason exists for his early release.

### III. §3553(a) Factors

The court must also address the applicable §3553(a) factors. The offense in this case was serious. According to the PSR, in August of 2018, defendant participated in a conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine, a dangerous and addictive drug. Defendant's relevant conduct included 1,166.6 grams of methamphetamine and 129.50 grams of heroin.

As to the history and characteristics of the defendant, the PSR reported that defendant was born in Columbus, Ohio, but his parents were deported to Mexico when he was 13 years old, after which he lived here with his grandmother and aunt. Defendant had a prior conviction in 2016 for the sale of a controlled substance (heroin) and was in Criminal History Category III. The one year he served in prison for that offense was not sufficient to deter him from committing the conspiracy offense in this case.

The sentence of 46 months imposed in this case was a substantial downward variance from the range of 87-108 months under the United States Sentencing Guidelines. This sentence took into account the nature of defendant's involvement in the offense, his relatively minor role in the conspiracy, his prior drug and gambling addictions, his supportive family, and a First Step Act amendment to the safety valve provision which had not yet been incorporated into the Guidelines. Defendant has served approximately 31 months. The reduced sentence sought by defendant would not be sufficient to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to

afford adequate deterrence, or to protect the public from more crimes by the defendant.

Even assuming <u>arguendo</u> that an extraordinary and compelling reason exists in this case, the court concludes that the §3553(a) factors heavily weigh against defendant's release, and that his early release is not warranted.

<u>IV. Conclusion</u>

In accordance with the foregoing, defendant's motion for compassionate release (Doc. 43) is denied.

Date: March 16, 2021          <u>     s/James L. Graham     </u>
                              James L. Graham
                              United States District Judge